**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO RENE MARTINEZ, AKA Rene martinez, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   16-70247 <br><br> Agency No. A074-335-780 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**

Before:     SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Antonio Rene Martinez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") denial of his motion to reopen deportation proceedings.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Martinez's motion to reopen, where, despite the vacatur of one of his convictions, he did not establish prima facie eligibility for the relief sought. *See id.* (motion to reopen can be denied for failure to establish a prima facie case for the relief sought); 8 U.S.C. § 1158(b)(2)(A)(ii) (asylum is not available to aliens who have been convicted of a particularly serious crime); 8 U.S.C. § 1231(b)(3)(B)(ii) (same for withholding of removal).

Although Martinez now contends that his conviction under California Penal Code § 245(a)(1) is not a particularly serious crime, we lack jurisdiction to review this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**